## SMITLEY v STATE

Ohio Appeals, 2nd Dist, Miami Co

No 368. Decided Jan 6, 1938

A. W. DWeese, Piqua, and J. H. DeWeese, Piqua, for defendant-appellant.

Ellis W. Kerr, Troy, for plaintiff-appellee.

## OPINION

By GEIGER, J.

This action had its origin before L. E. Gross. Justice of the Peace, Concord Township, Miami County,. Ohio.

An affidavit was filed before the justice by one Glen R. Hart, ·charging that the defendant on or about the 31st day of January, 1936, at the County of Miami, unlawfully did then and there drive a motor vehicle, a Pontiac automobile, on the public highway, to-wit., on Peterson Pike, Miami County, without due regard for the safety and rights of pedestrians and drivers and occupants of other vehicles, and so as to endanger the life, limb and property of other persons while in the lawful use of said highway.

The cause was tried before a jury which found the defendant guilty, upon which finding the justice imposed a fine.

Notice of appeal was duly given and the case lodged in the Court of Common Pleas, which court, on consideration, found that there was no manifest error, and affirmed the judgment of the justice, to which action of the court exceptions were taken and notice of appeal filed on questions of law.

Assignment of errors in this court are:

(1) The affirmance of the justice as to overruling the motion to quash and· make the affidavit more definite and certain.

(2) The affirmance of the justice as to overruling or refusal to give the special charge to the jury, and in his finding of no error in giving of the general charge.

(3) The affirmance of the justice · in overruling the motion for a new trial on the ground that the verdict was against the weight of the evidence.

(4) The affirmance of the justice in overruling the motion for a new trial on the ground that the sentence was excessive.

We are of the opinion that there was no error in sustaining the justice as to the first and second assignment of errors, except as to errors in the general charge. The affidavit is substantially ▆▆▆▆▆ ▆ in the words of the statute, and in our opinion gives to the defendant. complete information as to the nature of the charge against him. **Burke v State, 104 Oh St 220.**

The charge is that the defendant drove his automobile at a certain time and place, in a manner prohibited by the statute. The evidence develops the fact that upon the day in question the defendant together with his wife, were driving on what is sometimes designated a by-road, and at others the North Road, which was a road running north and south, ending blindly on the Peterson Pike; that the Peterson Pike was an east and west road. At the intersection of the north road with the Peterson Pike the road and pike were at that time slippery due to the fact that there had been an accumulation of snow at this point which had been partially melted and again frozen. The ice on the pike extended 20 feet each side of the· intersection. The defendant drove southwardly on the north road and states that he looked to the west and his wife states that she looked to the east to see whether the Peterson Pike ·was free from traffic; that he saw no traffic,

but reduced his speed. as he approached the intersection to ten miles an hour. and again looked westward. He stated that he saw nothing giving as a reason that the sun blinded his vision.

At this time the complainant, Glen R. Hart, was proceeding eastward on the Peterson Pike, at a rate of speed that he gave as thirty miles an hour. He states and restates that he did not see the automobile of the defendant at any point upon the North Road. It appears that he had an unobstructed view from a position 300 feet west of the intersection along the North Road for at least 1000 feet. In spite of this fact he did not observe the approaching automobile until it reached the intersection. He then states "in just an instant he was in front of me, diagonally." The prosecuting witness and the defendant are the main witnesses to the occurrence. The prosecuting witness states that he did not see the car of the defendant until within the distance of less than ten feet.

There is some difference in the testimony as to where the defendant's car was when the collision occurred. The prosecuting witness, Mr. Hart, testified that the defendant's car when he first saw it had just turned diagonally from the North Road and was "nosing out" of the north road and entering the Peterson Pike, still moving diagonally when hit by the east going car just as the defendant's car was making the bend. He did say at another point in his testimony that the defendant's car was across the center line of the road. He testifies that when he first saw the car and within less than ten feet, he applied his brakes, but on account of the ice his car slid.

The defendant on the other hand testifies that he had crossed the center line of the road and had turned his car and was going due east when Mr. Hart's car struck his on his right side.

In considering this testimony we are of the opinion that it is probable that the real facts lay between these witnesses; that the defendant's car had come out of the North Road and had proceeded in a diagonal direction until it was practically astride of the center line. In either event Mr. Hart had a duty to the defendant, which he had observed, the collision would probably have been avoided. It is probably true, that inasmuch as the defendant was charged with operating his car without regard to safety of those in the lawful use of the highway, he could have been guilty even though Hart was an unlawful user of the highway. and even though there had been no collision. But that was not the theory upon which the case was tried.

The evidence shows that the car of the prosecuting witness contacted that of the defendant on the right hand side forward of the center part of the car. The defendant's car was damaged on the right side and the complainant's car on the left side. After the collision the two cars became locked and went eastward on the Peterson Pike for about twenty-five feet where they separated and the complainant's car turned to the right and came to a rest at a driveway upon the plaintiff's lot and near the plaintiff's residence. The defendant's car turned to the north, and crossed the ditch upon the north side of the Peterson Pike, and stopped with the rear wheels on the south side of the ditch and the front wheels across the ditch.

The evidence shows that the complainant at several times after the accident sought out the defendant to secure from him a payment of $50.00, the complainant's car being insured, but the insurance not covering the first $50.00 of damage. Upon the refusal of the defendant to pay the $50.00, this action was brought before the justice of the peace, resulting as above stated.

On the trial three special charges were requested by the defendant, two of which were given, one of which was refused. We think the ruling of the justice was correct in refusing the first special charge.

The general charge was short, quoting the statute §12603-1, GC.

The justice then stated: "There is another law which I think you should have read to you and that is the definition what is 'right of way' which you will find in §6310-28a, GC, which reads as follows:

"Excepting where otherwise hereinafter provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right."

No further instruction was given on this point, but an exception was taken to this charge on the ground that it was prejudicial unless the court would further instruct the jury as to the requirement of the car from the right to approach the intersection in a lawful manner.

Sec 6310-28 GC provides that "right of way" means the right of a vehicle to pro-

ceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching in a different direction into its path.

In the case of **Morris v Bloomgren, 127 Oh St 147**, it is held—third syllabus:

"The phrase 'in a lawful manner,' found in §6310-28, GC, it is a sine qua non obligation placed upon the vehicle upon which the right of way is conferred. If such vehicle is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law."

The evidence develops the fact that the complainant, Glen R. Hart, was at the time driving his car so that the left wheels were from two to three feet north of the center line of the road.

**Sec 6310-17, GC**, provides that:

"Vehicles shall keep to the right side of the center or center line of the road or highway except as otherwise provided herein."

And the two subsequent sections provide what shall be considered as the center line.

**Sec 6310-7b GC** provides:

"When no such designation is made, the center or center line of any road or highway shall be (a) the exact center of the improved portion of any road or highway of which twelve feet or more of which is improved, and (b) the exact center of the traveled portion of any road or highway of which less than twelve feet of width is improved."

It was established that Hart in approaching from the west was violating a provision of the statute by traveling partly north of the center line. It further appears that the highway itself was icy.

**Sec 12603 GC** provides:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard for the traffic, surface and width of the road or highway and **of any other conditions then existing**, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Was it error in the court to charge the statute governing intersections without informing the jury as to what would constitute an unlawful approach to the intersection by the car which has a preferential passage only in the event it is being lawfully operated?

In the case of **Kling v The George H. Ast Candy Co., 33 Oh Ap 177**, it is stated:

"In an action for damages resulting from an automobile collision at a street intersection, it is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle on the main thoroughfare without stating the conditions and limitations of that right.

Right of way gives a preference to the vehicle on the main thoroughfare, but does not eliminate the duty of the driver of such vehicle to proceed in a lawful manner, nor justify his disregarding another vehicle upon an intersecting thoroughfare."

The court says at page 181:

"In so far as the special charge is concerned the defendant's truck may have been approaching the intersection on the wrong side of the street, or at an unlawful rate of speed, or may have been violating all the statute laws of Ohio regulating the subject of traffic."

The court quotes with approval:

"Hence, the instructions challenged being manifestly erroneous as to a material matter, prejudice will be presumed * * *."

The court says:

"Whatever else was intended, the charge undertook to define the law of 'right of way' and incorrectly stated the law on this material point. This was prejudicial error."

We note that the Court of Common Pleas took the view that inasmuch as there were in the car other individuals than the driver the fact that Hart's car was being driven north of the center line of Peterson Road was not material. We cannot concur in this.

We are not unmindful of the fact that the court in Morris v Bloomgren disapproved and overruled Ast Candy Co. v Kling, 121 Oh St 362, which relates to the case above quoted. However, the overruling of that case does not affect the cor-

rectness of the holding that when a court charges as to the preference of the automobile approaching from the right, he must also charge that this preference is lost if the automobile approaching from the right is being driven in an unlawful manner.

It is possibly true that the justice was not required to charge §6310-28a GC, but so long as he did he should have charged §6310-28 GC, a cognate section pertaining to the right of way at highway intersections, which two sections should be construed together. Construed together these sections confer absolute right of 'way upon the vehicle approaching from the right, qualified only, "if such vehicle is proceeding in a lawful manner."

When the justice confined his charge to §6310-28a GC he did not inform the jury that the vehicle entitled to the right of way must be approaching in a lawful manner, and he should have charged that if it was not approaching in a lawful manner that it would not have the right of way.

A majority of this court is of the opinion that charging §6310-28a GC, without further explanation was prejudicial error.

It may also properly be pointed out that the justice simply read the section of the statute defining the offense which penalizes one who operates without regard for the safety of any person while in the lawful use of the highway. If the prosecuting witness was not lawfully driving his car he was not in the lawful use of the highway. The justice, since he read the statute to the jury, should have instructed it as to what should be "the lawful use" of the highway by Hart, just as he was required to charge as to the lawful approach to an intersection. If Hart was not using the highway lawfully, the defendant would not be 'guilty of an offense while operating his car without due regard to his safety.

Of course this would not excuse him from guilt in operating it without due regard to the safety of others who were in the lawful use of the highway. But the jury should have been properly instructed.

As to the fourth assignment of errors that the Common Pleas Court erred in affirming the justice in overruling the motion for new trial on the ground that the sentence was excessive, we are of the opinion that this is not prejudicial error. The statute fixes the maximum and minimum fine that may be imposed and within this limit the justice or any other court has discretion and unless that discretion is abused it is not error to impose such penalty as the court hearing the case may see fit.

The third assignment of errors is that the court affirmed the justice in overruling the motion for a new trial on the ground that the verdict was against the weight of the evidence.

In the judgment of the writer of this opinion there is nothing in the case that justifies a verdict of guilty beyond a reasonable doubt. The defendant was driving his automobile on the North Road at a slow rate of speed which he reduced to 10 miles an hour as he approached the icy intersection, he stated that he looked in both directions, saw no vehicle, but could not stop because of the ice at the intersection. He thereupon turned to the left, out of the traffic of a properly moving east going car, but was struck by the complaining witness who was operating his car at least two feet on the wrong side of the road, and for some reason did not see the defendant until within less than ten feet of the impact.

The east going car attempted to pass on the right side of the slower moving car instead of on the left (§6310-20 GC), a contributing cause to the collision.

The ice at the intersection could cause the most careful driver to lose control of his car, and should not render him criminally liable. My associates do not agree with me on this, being of the opinion that the verdict was not against the manifest weight of the evidence. Under these conditions my views as to the third assignment of errors are of no weight.

Judgment Court of Common Pleas reversed and cause remanded for further proceedings.

HORNBECK, J, I concur in judgment of reversal for error in the court's charge as to the right of way statutes.

BARNES, PJ, dissents.